UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL THORNBERRY,<br>Petitioner,<br>v.<br>JASON SCHULTZ, Warden; ROB BONTA, The Attorney General of the State of California,<br>Respondents. | Case No.: 26-cv-1777-AJB-DDL<br>**REPORT AND RECOMMENDATION FOR ORDER DENYING PETITIONER'S MOTION TO STAY**<br>[Dkt. No. 2] |

This Report and Recommendation is submitted to United States District Judge Anthony J. Battaglia pursuant to 28 U.S.C. § 636(b) and Civil Local Rules 72.1(d) and HC.2 of the United States District Court for the Southern District of California.

On March 18, 2026, Petitioner Daniel Thornberry ("Petitioner") filed a Petition for Writ of Habeas Corpus [Dkt. No. 1] and a Motion to Stay [Dkt. No. 2]. For the reasons set forth below, the Court **RECOMMENDS** that the motion be **DENIED** and that the District Judge issue an order to show cause why the petition should not be dismissed.

/ / /

/ / /

/ / /

# I.

# BACKGROUND

## A. Trial Court Proceedings and Direct Appeal

The Court takes the following background from the California Court of Appeal's opinion in *People v. Thornberry*, No. D083497, 2025 WL 79101 (Cal. Ct. App. Jan. 13, 2025), *review denied* (Mar. 19, 2025). The Court presumes the state court's factual determinations are correct in the absence of clear and convincing evidence to the contrary. 28 U.S.C. §2254(e)(1).

Petitioner was arrested after entering a bank and demanding $100,000 from a teller. On November 17, 2023, a jury convicted Petitioner of robbery.

Petitioner admitted that he had three prior convictions for bank robbery, had served a prior state prison term, and was on parole when he committed the charged offense. He filed a sentencing brief asking the trial court to strike two of his prior conviction allegations and sentence him as a second-strike offender to prison for nine years. The People urged the trial court to sentence Petitioner as a third-strike offender to prison for twenty-five years to life for the robbery conviction, plus a consecutive term of fifteen years for the three prior serious felonies convictions. The trial court declined to strike Petitioner's prior convictions for the purposes of the "Three Strikes" law, Cal. Pen. Code § 1170.12, but it struck the prior convictions for the five-year enhancements and sentenced Petitioner to prison for twenty-five years to life. Petitioner was also ordered to pay fines and fees totaling $5,000.

Petitioner appealed his conviction to the California Court of Appeal. *People v. Thornberry*, No. D083497, 2025 WL 79101 (Cal. Ct. App. Jan. 13, 2025), *review denied* (Mar. 19, 2025). In his appeal, Petitioner argued that (1) his trial counsel provided ineffective assistance by failing to seek pretrial mental health diversion and (2) the fine imposed by the court was unconstitutionally excessive and deprived him of property without due process of law. *Id.* On January 13, 2025, the Court of Appeal affirmed Petitioner's conviction but modified the judgment to include an itemization of the theft fine. *Id.* The Court of Appeal found that Petitioner did not meet his burden to establish

ineffective assistance of counsel. *Id.* The Court of Appeal further found that Petitioner's arguments regarding the constitutionality of the $5,000 fine were both forfeited and meritless. *Id.*

Petitioner filed a Petition for Review in the California Supreme Court raising the same two issues above. The Petition for Review was denied on March 19, 2025.

**B. <u>State Habeas Petitions</u>**

On November 24, 2025, Petitioner filed a state Petition for Writ of Habeas Corpus. In it, he raised three grounds for relief: (1) the trial court relied on false evidence in denying his *Romero* motion and sentencing him under the Three Strikes Law, (2) the trial court sentenced him punitively for rejecting the People's plea offer, and (3) he received ineffective assistance of counsel. *In re Thornberry*, Case No. HC27858 SCD 299576 (Cal. Super. Ct. Jan. 23, 2026). On January 23, 2026, the Superior Court denied the petition. *Id.*

On April 27, 2026, after filing the instant Motion to Stay, Petitioner filed a petition for Writ of Habeas Corpus with the California Court of Appeal, which was denied on July 7, 2026. Case No. D088055. He filed another petition for Writ of Habeas Corpus with the California Court of Appeal on August 27, 2026. Case No. D088751. He has not filed a Petition for Writ of Habeas Corpus with the California Supreme Court. Dkt. No. 1 at 4.

**C. <u>Federal Habeas Petition</u>**

On March 18, 2026, Petitioner filed a federal Petition for Writ of Habeas Corpus ("Petition") in this Court. Dkt. No. 1. His Petition asserts two grounds for relief:

(1) "The trial court used a false factual basis and/or false evidence in denying Petitioner's motion to strike strikes and in sentencing petitioner excessively"; and

(2) "The trial court sentenced the petitioner excessively and by violating his due process rights for rejecting the people's plea bargain"

*Id.* at 6-7.

The same day, Petitioner filed a Motion to Stay. Dkt. No. 2. In Petitioner's Motion to Stay, he explains that "it is [his] intention to file a second petition for Habeas Corpus relief with the Fourth District Court of Appeal in California as the second step in the three

steps of exhaustion." Dkt. No. 2 at 2. Petitioner argues that by filing his state petition on November 24, 2025, he "has made a sufficient good-faith effort to fully exhaust his grounds he plans to raise" in his federal petition. *Id.* Petitioner requests a stay under 28 U.S.C. § 2244(d)(2) and requests that his federal petition be filed "with leave to amend…upon full exhaustion of his state court post-conviction petition." *Id.* at 3.

On May 20, 2026, Respondents filed an opposition to the motion to Stay. Dkt. No. 10. Respondents argue that Petitioner's motion should be denied because his grounds for relief are both unexhausted and meritless. *Id.* Respondents argue that Petitioner's claims are cursory and unsupported by specific facts. *Id.* at 3. Additionally, Respondents argue that Petitioner's grounds for relief allege errors of state law, which are not subject to federal habeas review. *Id.*

On June 5, 2026, Petitioner filed a reply. Dkt. No. 11. In his reply, Petitioner states for the first time that he "intends to amend the petition to reflect a violation of his federal constitutional rights" under the Sixth Amendment. *Id.* at 4-5. Petitioner then explains the facts and evidence that he believes support his claims. *Id.* at 7-13. Petitioner concludes by requesting two alternative forms of relief, neither of which are properly before the Court at this time. *See United States v. Boyce*, 148 F. Supp. 2d 1069, 1085 (S.D. Cal. 2001), *amended* (Apr. 27, 2001), *aff'd*, 36 F. App'x 612 (9th Cir. 2002) ("it is improper for a party to raise a new argument in a reply brief").

## II.

## LEGAL STANDARDS

Habeas petitioners must exhaust their claims in state court before seeking relief in federal court. 28 U.S.C. §2254(b)(1)(A); *Rose v. Lundy*, 455 U.S. 509, 522 (1982).[1] Exhaustion requires a petitioner to "fairly present" their claim in each appropriate state

---

[1] All citations, subsequent history, and parallel reporter citations are omitted unless otherwise noted. In direct quotes, all internal quotation marks, brackets, ellipses and footnotes are omitted, and all emphasis is added, unless otherwise noted.

court, "including a state supreme court with powers of discretionary review." *Baldwin v. Reese*, 541 U.S. 27, 29, 124 S. Ct. 1347, 1349, 158 L. Ed. 2d 64 (2004).

In addition to the exhaustion requirement, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations on the filing of habeas petitions in federal court. 28 U.S.C. § 2244(d)(1). "Although the limitations period is tolled during the pendency of a 'properly filed application for State post-conviction or other collateral review,' § 2244(d)(2), the filing of a petition for habeas corpus in federal court does not toll the statute of limitations." *Rhines v. Weber*, 544 U.S. 269, 274–75 (2005).

AEDPA does not deprive district courts of the authority to issue stays, but "stay and abeyance should be available only in limited circumstances." *Id.* at 277. *Rhines* set forth three requirements to stay a mixed petition containing exhausted and non-exhausted claims, which also apply to entirely unexhausted petitions. *Id.*; *Mena v. Long*, 813 F.3d 907, 912 (9th Cir. 2016) ("*Rhines* applies to a petition that includes solely unexhausted claims."). First, there must be "good cause for the petitioner's failure to exhaust his claims in state court." *Rhines*, 544 U.S. at 277. Second, the unexhausted claims must not be "plainly meritless." *Id.* Third, the petitioner must not have "engage[d] in abusive litigation tactics or intentional delay." *Id.*

## III.

## ANALYSIS

Petitioner recognizes that his claims are unexhausted and explains that he has not filed a petition with the California Supreme Court because he "is in the process of exhausting his post-conviction habeas corpus through the California Courts." Dkt. No. 1 at 6. Because his claims are unexhausted, absent a stay, the Court is required to dismiss the instant federal petition. 28 U.S.C. §2254(b)(1)(A). To determine whether a stay is warranted, the Court examines the *Rhines* requirements.

/ / /

/ / /

**A. <u>Good Cause</u>**

*Rhines*' good cause requirement "ensures that a stay and abeyance is available only to those petitioners who have a legitimate reason for failing to exhaust a claim in state court." *Blake v. Baker*, 745 F.3d 977, 982 (9th Cir. 2014). "While a bald assertion cannot amount to a showing of good cause, a reasonable excuse, supported by evidence to justify a petitioner's failure to exhaust, will." *Id.* The Ninth Circuit has explained that for *pro se* petitioners, good cause "can easily be established to the extent that they were without counsel" because they "cannot be expected to understand the technical requirements of exhaustion and should not be denied the opportunity to exhaust a potentially meritorious claim simply because [they] lacked counsel." *Dixon v. Baker*, 847 F.3d 714, 722 (9th Cir. 2017). "[W]hen evaluating good cause under *Rhines*, the district court must consider a petitioner's diligence (or lack thereof) in pursuing his state court remedies after he files his federal petition." *Banks v. Allison*, 140 F.4th 1181, 1187 (9th Cir. 2025).

In his motion to stay, Petitioner states that it was his "intention to file a second petition for Habeas Corpus relief with the Fourth District Court of Appeal in California as the second step in the three steps of exhaustion of his post-conviction petition for writ of Habeas Corpus to complete AEDPA exhaustion to comply with the law's requirements for federal Habeas Corpus filing." Dkt. No. 2 at 2-3. On April 27, 2026, he did so. Dkt. No. 10 at 18. Petitioner argues that because he has filed a "timely petition with the Superior Court…he has made a sufficient good-faith effort to fully exhaust his grounds he plans to raise under 28 USC 2254." *Id.* at 3.

Under the generous standard of *Dixon*, Petitioner has demonstrated good cause for a stay. Petitioner is proceeding *pro se* in both his state and federal habeas proceedings, and it appears that Petitioner is proceeding diligently. Petitioner initiated state habeas proceedings well in advance of the federal limitations period, is currently exhausting his state court remedies, and has continued to do so since filing his federal petition. *See Bogarin v. Hatton*, No. 16CV2793-BTM (BLM), 2017 WL 4857009, at *3 (S.D. Cal. Oct. 27, 2017) (finding good cause existed where *pro se* petitioner was proceeding diligently,

was in the process of exhausting state court remedies, and filed his state habeas petition before the limitations period had expired). Accordingly, the Court finds Petitioner has demonstrated good cause under *Rhines*.

**B. Not Plainly Meritless**

Even where good cause for a stay exists, "the district court would abuse its discretion if it granted a stay when the unexhausted claims are plainly meritless." *Rhines*, 544 U.S. at 270. A petitioner need only show that one of the unexhausted claims is not plainly meritless to obtain a stay. *Id.* at 277. "In determining whether a claim is 'plainly meritless,' principles of comity and federalism demand that the federal court refrain from ruling on the merits of the claim unless it is perfectly clear that the petitioner has no hope of prevailing." *Dixon*, 847 F.3d at 722. "An example of a 'plainly meritless' claim is one that is not even cognizable under Section 2254." *Adams v. Paramo*, No. CV 15-5417-FMO (KES), 2016 WL 11518348, at *6 (C.D. Cal. Jan. 20, 2016)

First, Petitioner claims that "the trial court used a false factual basis and/or false evidence in denying petitioner's motion to strike strikes and in sentencing petitioner excessively." Dkt. No. 1 at 6. Second, Petitioner claims that "the trial court sentenced the petitioner excessively and by violating his due process rights for rejecting the people's plea bargain." Dkt. No. 1 at 7. Petitioner does not provide supporting facts for either claim. *Id* at 6-7. Rather, in the "supporting facts" portion of his petition, Petitioner states "see motion to stay pending exhaustion of post-conviction habeas corpus," Dkt. No. 1 at 6-7. The motion to stay also does not contain supporting facts for either claim. Dkt. No. 2.

Respondents argue that Petitioner's claims are plainly meritless because they are "cursory and unsupported" by specific factual allegations. Dkt. No. 10 at 3. Respondents further argue that neither claim presents a cognizable ground for habeas corpus relief, as both allege an error in the trial court's application of state sentencing law. *Id.*

Petitioner bears the burden of showing that at least one of his claims is not "plainly meritless," *Dixon*, 847 F.3d at 723, and he has not met that burden here. The Court finds the claims as alleged in the petition are plainly meritless because Petitioner has failed to

provide supporting facts for either claim. "It is well-settled that conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief." *Jones v. Gomez*, 66 F.3d 199, 204 (9th Cir.1995). The operative facts supporting a Petitioner's claim to relief must be set forth in the petition itself. *See Foote v. Del Papa*, 244 F. App'x 74, 80 (9th Cir. 2007) (affirming the district court's denial of habeas relief where the operative facts for a claim were set forth only in the petitioner's Traverse and were not included in his petition). Petitioner does not explain what "false factual basis and/or false evidence" was allegedly used in denying his *Romero* motion,[2] nor does he provide any evidence of retaliation for his rejection of a plea bargain. Accordingly, Petitioner's claims "lack[] the necessary specificity required to present a federally cognizable claim." *Zepeda v. Figueroa*, No. 11-CV-2350-BAS RBB, 2014 WL 2605360, at *3 (S.D. Cal. June 11, 2014) (denying a petitioner's coercion claim where petitioner did not explain what misrepresentations or coercive statements were made); *Hopkins v. State*, No. EDCV140028CASDFM, 2014 WL 12968121, at *4 (C.D. Cal. Oct. 22, 2014) (denying motion to stay under *Rhines* where the petitioner "does not present any evidence to support any of these vague allegations").

Further, to the extent Petitioner's claims allege errors in the trial court's application of state sentencing laws, they fail to present cognizable grounds for federal habeas corpus relief. "In conducting habeas review, a federal court is limited to deciding whether a conviction violates the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 112 S. Ct. 475, 480 (1991). The interpretation or application of state law is not subject to federal habeas review. *Miller v. Vasquez*, 868 F.2d 1116, 1119 (9th Cir. 1989) (holding that a petitioner's claim that the trial court wrongfully applied an enhancement

---

[2] *People v. Superior Ct. (Romero),* 13 Cal.4th 497 (1996) (holding that in the furtherance of justice, a trial court may strike an allegation or vacate a finding under the Three Strikes law that a defendant has previously been convicted of a serious and/or violent felony).

provision to his sentence was not subject to federal habeas review). For a state law sentencing error to be cognizable on federal habeas review, the "petitioner must show that [the] alleged state sentencing error was so arbitrary or capricious as to constitute an independent due process violation . . ." *Richmond v. Lewis*, 506 U.S. 40, 50 (1992). Petitioner has not done so here.

**C. Dilatory Litigation Tactics**

Because the Court has found that Petitioner's claims are plainly meritless, it need not examine whether Petitioner has engaged in "abusive litigation tactics or intentional delay." *Rhines*, 544 U.S. at 278.

**D. *Sua Sponte* Dismissal of a Habeas Petition**

"A district court may summarily dismiss a federal habeas corpus petition *sua sponte* if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). " A district court should do so, however, only after providing the petitioner with adequate notice and an opportunity to respond." *Id.* Similarly, "the Ninth Circuit has held that a federal court may raise the failure to exhaust issue sua sponte and may summarily dismiss on that ground." *Kaczmarek v. Los Angeles Cnty. Prob. Dep't*, No. CV1700832SVWRAO, 2017 WL 11635460, at *1 (C.D. Cal. July 13, 2017) (citation omitted). Because Petitioner is not entitled to a stay and his petition contains exclusively unexhausted claims, the undersigned recommends that the District Judge issue an order to show cause why the petition should not be dismissed.

**IV.**

**CONCLUSION**

For the foregoing reasons, the undersigned **RECOMMENDS** that the District Judge issue (1) an order **DENYING** Petitioner's Motion to Stay and (2) an order to show cause why the petition should not be dismissed.

**IT IS HEREBY ORDERED** that any objections to this Report and Recommendation must be filed by not later than **October 9, 2026**. Any response to a party's objections must

be filed by not later than **October 23, 2026**. Failure to timely file objections may waive the right to raise those objections on appeal. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991).

**IT IS SO ORDERED.**

Dated: September 10, 2026

Hon. David D. Leshner
United States Magistrate Judge